# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Nina Y. Wang

Case No. 26-cv-00362-NYW

JOSE MIGUEL CONTRERAS POSADA,

    Petitioner,

v.

KRISTI NOEM, Secretary of Homeland Security;
TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement;
ROBERT GUARDIAN, Denver Field Office Director, U.S. Immigration and Customs Enforcement;
PAMELA BONDI, Attorney General;
JUAN BALTASAR, Warden, Denver Contract Detention Facility,

    Respondents.

_____

# ORDER
_____

This matter is before the Court on the Petition for Writ of Habeas Corpus ("Petition"), filed by Petitioner Jose Miguel Contreras Posada ("Petitioner"). [Doc. 1]. Petitioner is a citizen of El Salvador who is currently detained at the Denver Contract Detention Facility in Aurora, Colorado. [*Id.* at ¶¶ 4, 36, 38]. He seeks, among other things, a Court order directing Respondents to release him from custody and schedule him for a discretionary bond hearing pursuant to 8 U.S.C. § 1226(a). [*Id.* at 1–2].

Upon review of the Petition, it is **ORDERED** that Petitioner shall **SERVE** Respondents with a copy of the Petition, and accompanying papers, along with a copy of this Order, by e-mail and by overnight mail, on or before **February 2, 2026**. Petitioner shall promptly file proof of such service on the docket, and counsel for Respondents shall promptly enter their notices of appearance. Within **seven days of service**, Respondents

shall **RESPOND** to the Petition and **SHOW CAUSE** why the Petition shall not be granted. *See, e.g.*, *Yassine v. Collins*, No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)). Any reply shall be filed no later than **seven days** after the Response.

In addition, the All Writs Act provides, in pertinent part, that:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a). The All Writs Act dates from the first Judiciary Act of 1789, and the Supreme Court has recognized that its express authority empowers lower courts, in limited circumstances, to issue temporary injunctions as may be necessary to protect the status quo or their own jurisdiction. *See FTC v. Dean Foods Co.*, 384 U.S. 597, 603, 608 (1966). Indeed, the Supreme Court has instructed that, "[u]nless appropriately confined by Congress, a federal court may avail itself of all auxiliary writs as aids in the performance of its duties, when the use of such historic aids is calculated in its sound judgment to achieve the ends of justice entrusted to it." *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172–73 (1977) (quotation omitted).

Pursuant to the All Writs Act, and in order to preserve the Court's jurisdiction, Respondents **SHALL NOT REMOVE** Petitioner from the District of Colorado or the United States unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this Order. *See Vizguerra-Ramirez v. Choate*, No. 25-cv-00881-NYW, ECF No. 11 at 4–5 (D.

Colo. Mar. 21, 2025) (collecting cases); *Vazquez v. Baltazar*, No. 25-cv-03049-GPG-TPO, ECF No. 11 (D. Colo. Oct. 2, 2025); *Dean Foods Co.*, 384 U.S. at 603; *Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n*, 965 F.2d 1224, 1237 (2d Cir. 1992).

DATED:  January 30, 2026                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge